**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHN A. BROWN,

        Plaintiff - Appellant,

v.

PRISON HEALTH SERVICES, El
Dorado Correctional Facility; and
CORRECT CARE SOLUTIONS, El
Dorado Correctional Facility,

        Defendants - Appellees.

No. 05-3199

(D.C. No. 05-CV-3158-GTV)

(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

---

      After examining the briefs and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

Accordingly, this case is ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

John A. Brown, a state prisoner proceeding *pro se*, appeals the district court's denial of his 42 U.S.C. § 1983 civil rights complaint. In his § 1983 complaint, Brown alleged that diabetes medication previously determined to be adverse to his health was nevertheless administered to him by prison officials, with a resulting adverse impact to his physical well-being. Specifically, Brown alleged that notwithstanding information in his prison medical file indicating a certain medication, Metformin, should not be administered to him, this same medication was later administered to him under a different brand name, Glucophage. Brown sought damages from two corporations providing contract medical services to correctional facilities in Kansas, asserting that the actions of the prison medical officials denied him his Eighth Amendment right to be free from cruel and unusual punishment.

The district court granted judgment in favor of the defendants, concluding that Brown's allegations failed to state a claim upon which relief could be granted. In so doing, the district court first recognized it is well-established that prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Nevertheless, "accidental or inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition do not constitute a medical wrong under the Eighth Amendment." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980). Instead, to satisfy the Eight Amendment's

-2-

deliberate indifference standard, "the official must have a sufficiently culpable state of mind, which in this context means the official must exhibit deliberate indifference to a substantial risk of serious harm to an inmate." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) (quotation omitted). "Thus, the deliberate indifference standard in a prison-conditions case is a subjective and not an objective requirement. That is, a prison official is liable only if the official knows of and disregards an excessive risk to inmate health and safety. It is not enough to establish that the official should have known of the risk of harm." *Id.* (quotations and citation omitted).

Upon review of Brown's allegations, the district court concluded that his claims failed because there was absolutely no indication that prison officials knowingly placed Brown on the improper diabetes medication. Instead, the district court noted that Brown's allegations reflected at most a state tort claim of negligence or malpractice and that Brown had, in fact, brought just such a claim in Kansas state court. For these reasons, the district court dismissed Brown's complaint for failure to state a claim upon which relief could be granted and entered judgment in favor of the defendants.

This court has reviewed Brown's appellate brief, the district court's orders, and the entire record on appeal. That review demonstrates that the district court's resolution of this case is correct. Accordingly, for substantially those reasons set

out in the district court's orders dated April 11, 2005 and May 20, 2005, the order

of the district court dismissing Brown's complaint is hereby **AFFIRMED**.

Entered for the Court

Michael R. Murphy
United States Circuit Judge

No. 05-3199, Brown v. Prison Health Services

**LUCERO**, Circuit Judge, dissenting.

Brown's complaint alleges that although his prison medical file indicated that he would suffer adverse reactions to a particular diabetes medication (Metformin) a prison doctor nonetheless prescribed the medication under a different brand name (Glucophage). He further alleged that being placed on the contraindicated medication for over six months elevated his blood sugars from 240 to 600 daily for the period of time, leading to the onset of neuropathy years before he would have suffered neuropathy in the normal course of his diabetes, caused kidney problems, and led to other medical complications. The record substantiates these claimed injuries.

Given that "[d]eliberate indifference to serious medical needs is shown when prison officials have prevented an inmate from receiving recommended treatment," Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980), it seems an unremarkable proposition that an official may engage in deliberate indifference when administering treatment that is clearly contraindicated. See, e.g., Benson v. Cady, 761 F.2d 335, 341 (7th Cir. 1985) ("this court has found that an allegation that the plaintiff inmate was administered penicillin despite his known allergy to that drug stated an eighth amendment claim"). A response from PHS and facts developed in discovery might show that PHS is entitled to judgment as a matter of law, but I cannot agree that this action warranted summary dismissal under 42 U.S.C. § 1997e. I respectfully dissent.